UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Magistrate No.
05M-1004-JGD

UNITED STATES OF AMERICA

v.

DANNY SANTANA-GARRIDO

# MEMORANDUM AND ORDER ON
# GOVERNMENT'S MOTION FOR DETENTION

February 18, 2005

DEIN, M.J.

## I. GOVERNMENT'S MOTION FOR DETENTION

The defendant is charged in a criminal complaint with making false statements in an application for a United States passport, in violation of 18 U.S.C. § 1542. An initial appearance was held on February 3, 2005, at which time the defendant was represented by counsel. The government moved for detention on the grounds that the defendant poses a serious risk of flight, and that detention is warranted pursuant to 18 U.S.C. § 3142(f)(2)(A). A probable cause/detention hearing was held on February 8, 2005, at which time the defendant was represented by new counsel, and the matter was continued until February 14, 2005.

A probable cause/detention hearing was held on February 14, 2005, at which time the defendant was represented by counsel. The defendant, through counsel, stipulated to a finding of probable cause. The defendant objected to detention on the

grounds that he had been ordered deported on December 9, 2004, that he was in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") at the time of his arrest on the present charges, and that he should be released so that he can be deported prior to trial on the matter presently before the court.  This court has not found any support for the defendant's argument that this court should not exercise jurisdiction over the defendant in this case, and allow him to evade prosecution by being deported. Consequently, this court finds that the government has proved by a preponderance of the evidence that no condition or combination of conditions will assure the defendant's appearance as required, and that detention is appropriate under 18 U.S.C. § 3142(f)(2)(A).

## II.  THE BAIL REFORM ACT

     A.    Under the provisions of 18 U.S.C. § 3142 ("The Bail Reform Act"), the judicial officer shall order that, pending trial, the defendant either be (1) released on his or her own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation or exclusion; or (4) detained.  See 18 U.S.C. § 3142(a).

     Under § 3142(e), a defendant may be ordered detained pending trial if the judicial officer finds by clear and convincing evidence after a detention hearing "that no condition or combination of conditions (set forth under § 3142(b) or (c)) will reasonably assure the safety of any other person or the community . . . ," or if the judicial officer finds by a preponderance of the evidence after a detention hearing "that no condition or

combination of conditions will reasonably assure the appearance of the person as required . . . ." See United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991).

  B. The government is entitled to move for detention on grounds of danger to the community in a case that –

   (1) involves a crime of violence within the meaning of 18 U.S.C. § 3156(a)(4);

   (2) involves an offense punishable by death or life imprisonment;

   (3) involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[1] or more; or

   (4) involves any felony alleged to have been committed after the defendant has been convicted of two or more crimes of violence, or of a crime, the punishment for which is death or life imprisonment, or a ten year [or more] offense under the Controlled Substances Act or the Controlled Substances Import and Export Act.

Additionally, the government or the court sua sponte may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses. See 18 U.S.C. § 3142(f).

---

[1] The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense – not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines. See United States v. Moss, 887 F.2d 333, 336-37 (1st Cir. 1989).

C.   In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning --

(1)   the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)   the weight of the evidence against the accused;

(3)   the history and characteristics of the person, including --

   (a)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (b)   whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)   the nature and seriousness of the danger to any other person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).[2]

### III.   DISCUSSION OF WHETHER DETENTION IS WARRANTED

"Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant." U.S. v. Tortora, 922 F.2d 880, 888 (1st Cir. 1990), and cases cited.  Based

---

[2]   No rebuttable presumptions under 18 U.S.C. § 3142(g) apply in this case.

on the record before me, I find that there are no conditions which may be imposed which will reasonably insure the defendant's presence at trial.

### A. The Offense Charged And Weight Of The Evidence

The defendant is charged with making a false statement in an application for a United States passport, and the evidence against him is strong. Specifically, the evidence presented to this court shows that on August 18, 2003, the defendant, Danny Garrido-Santana, applied for a United States passport in the name of Ismael Santos-Bones. In connection with the application, he made various statements identifying himself as Santos-Bones, and he used a birth certificate and Massachusetts driver's license in the name of Santos-Bones in support of the application. Because of various "fraud indicators" in the application, it was turned over to law enforcement for further investigation.

The defendant is a citizen of the Dominican Republic, and is in this country illegally. He purchased the identification documents of Ismael Santos-Bones from an acquaintance for $1,500. Santos-Bones lives in Puerto Rico and lost his wallet, which contained his Puerto Rican identification, about six months ago.

### B. History And Characteristics Of The Defendant

As noted above, the defendant is a citizen of the Dominican Republic and is in this country illegally. His criminal record reveals various aliases, and there is some confusion as to the scope of that record. For present purposes, however, it is undisputed that on October 30, 2002 he was charged with distribution of cocaine in a school zone. That matter, which involves a small quantity of drugs, is still pending in the Worcester Superior Court. On September 8, 2004, he was charged with assault and battery in the Lawrence District Court. That matter is still open, though defense

-6-

counsel is of the opinion that it is likely to be dismissed. On September 9, 2004, he was also charged with larceny by check and uttering in the Haverhill District Court. That matter was continued without a finding, and dismissed upon payment of a victim witness fee.

On December 9, 2004, the United States Immigration Court, Shapiro, J., ordered the defendant deported to the Dominican Republic. Both the INS and the defendant waived any appeal, and the defendant was placed in ICE custody. However, the defendant had not been deported by the time the instant complaint was sought, on February 1, 2005, although all that prevented the deportation was a lack of travel papers from the Dominican Republic. The defendant complains that the facts which form the basis of the federal charges were known to the government as of December 9, 2004 (when he waived his right to appeal the deportation order), if not before, and that it is unfair not to allow him to be deported without facing trial for the instant charges.

## C. Risk of Flight

The defendant does not dispute that the facts presented warrant a finding that the government has proved by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings. The defendant has used various aliases and has used false identification documents. He faces a jail sentence of up to 10 years of incarceration, followed by deportation. Given the strength of the evidence against the defendant, and the defendant's lack of any ties to the United States, and his inability to be gainfully employed due to his immigration status, the risk of flight is very high.

This court has not found any support for the defendant's contention that he should not have to stand trial on the present charges, because he has already been ordered to be deported.  It is not uncommon for deportation orders to be stayed pending the trial and period of incarceration of a defendant for an immigration-related charge.  See, e.g., United States v. Neves, 11 Fed. Appx. 6, 2001, WL 649892 (No. 01-1629) (1st Cir. May 31, 2001) (unpublished decision) (INS order of removal/deportation stayed pending trial and expiration of any period of incarceration on charge of illegal reentry after deportation, in violation of 8 U.S.C. § 1326; detention ordered because defendant posed a serious risk of flight).  The government has a significant interest in prosecuting individuals who use false identification to obtain a United States passport.  The order of deportation does not divest the government of jurisdiction to seek criminal charges.  Whether this court would have pursued the instant case or not is not a relevant inquiry — the government acted within its authority in seeking the complaint when it did.

### IV.  ORDER OF DETENTION

IT IS ACCORDINGLY ORDERED that the defendant be DETAINED pending trial, and it is further Ordered--

(1)   That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)   That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

  (3) On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

              / s / Judith Gail Dein
              Judith Gail Dein
              United States Magistrate Judge